

U.S. Department of Justice
**United States Attorney's Office**
Eastern District of Virginia

---

Jessica D. Aber  
United States Attorney

919 East Main Street, Suite 1900  
Richmond, Virginia  23219

(804) 819-5400

January 31, 2023

Patricia S. Connor, Clerk  
United States Court of Appeals for the Fourth Circuit  
1100 East Main Street, Suite 501  
Richmond, Virginia 23219-3517

**Re:**   *United States v. Rafiekian*, **No. 22-4252, argued Jan. 25, 2023**
     **Letter under Fed. R. App. P. 28(j)**

Dear Ms. Connor:

At argument, defendant asserted, for the first time, that this Court should apply clear-error review to the district court's conclusions. Governing precedent rebuts that new assertion.

First, reviewing for clear error inverts the legal standard. Under clear-error review, this Court will reverse only if the *district court's finding* is "against the clear weight of the evidence considered as a whole." *United States v. Ferebee*, 957 F.3d 406, 417 (4th Cir. 2020). By contrast, Rule 33 permits new-trial orders only "when the evidence weighs so heavily against the *verdict* that it would be unjust to enter judgment." *United States v. Arrington*, 757 F.2d 1484, 1485 (4th Cir. 1985) (emphasis added). A district court thus abuses its discretion when the evidence "fully supported (rather than weighed heavily against) the jury's verdict." *United States v. Singh*, 518 F.3d 236, 251 (4th Cir. 2008).

Second, clear-error review is appropriate only where the district court acts in its role as factfinder. *See, e.g.*, *United States v. Boyd*, 55 F.4th 272, 278 (4th Cir. 2022). By contrast, even under Rule 33, "determining witness credibility and weighing conflicting evidence are the responsibility of the factfinder. [Courts] do not lightly disturb jury verdicts, and even disagreement with the jury's verdict would not mandate a new trial." *United States v. Chavez*, 894 F.3d 593, 608 (4th Cir. 2018) (cleaned up).

This Court has already held that it reviews civil weight-of-the-evidence new-trial orders under "close scrutiny" because "the trial judge takes over, if he does not usurp, the prime function of the jury as the trier of facts." *United States v. Tobias*, 899 F.2d 1375, 1380 (4th Cir. 1990) (cleaned up); *cf.* Govt. Opening Br. 31. So too here: Clear-error review improperly elevates the district court's view of the evidence above the jury's. Where the evidence provides "a straightforward narrative the jury could reasonably believe," *United States v. Burks*, 974 F.3d 622, 625 (6th Cir. 2020), a district court's disagreement—without additional reasons the verdict is unreasonable

or unreliable—does not render it "unjust to enter judgment" and "does not mandate a new trial." *Arrington*, 757 F.2d at 1485-86.

                                                                       Respectfully,

                                                                       Jessica D. Aber
                                                                       United States Attorney

By:                     /s/                   

Aidan Taft Grano-Mickelsen
Assistant United States Attorney
919 East Main Street, Suite 1900
Richmond, Virginia 23219
(804) 819-5400
aidan.grano-mickelsen@usdoj.gov

2