

**JAMES E. TYSSE**
+1 202.887.4571/fax: +1 202.887.4288
jtysse@akingump.com

February 1, 2023

Patricia S. Connor, Clerk
United States Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219-3517

> **Re**:  ***United States v. Rafiekian***, **No. 22-4252, argued Jan. 25, 2023**
> **Response to Letter under Fed. R. App. P. 28(j)**

Dear Ms. Connor:

    The Court need not consider the government's January 31 letter, which cites no newly decided "authorities," FRAP 28(j), and instead amounts to an uninvited supplemental brief, *see United States v. Ashford*, 718 F.3d 377, 381 (4th Cir. 2013) ("We do not countenance a litigant's use of Rule 28(j) as a means to advance new arguments couched as supplemental authorities."). The proper time for the government's arguments was during briefing or, at latest, rebuttal.

    Regardless, the government is wrong. In various contexts, this Court states that it may find an "abuse of discretion" based on "*clearly erroneous* factual finding[s]" or upon forming "a definite and firm conviction that the court below committed a *clear error* of judgment." *United States v. Simmons*, 11 F.4th 239, 261 (4th Cir. 2021) (internal quotations omitted and emphasis added); *e.g.*, *United States v. Whyte*, 918 F.3d 339, 352 (4th Cir. 2019) (Rule 33); *United States v. Provance*, 944 F.3d 213, 217 (4th Cir. 2019) (sentencing); *United States v. M/V SANCTUARY*, 540 F.3d 295, 302 (4th Cir. 2008) (injunctions); *see also, e.g., United States v. Baptiste*, 8 F.4th 30, 35 (1st Cir. 2021) (abuse-of-discretion new-trial "review standard is multifaceted, requiring us to inspect fact findings for clear error," with "substantial deference *** due to the judge's perceptions"). The government also mischaracterizes *Singh*. *See United States v. Souder*, 436 F. App'x 280, 290 (4th Cir. 2011) (contrasting "taint[]" of legal error in *Singh* with "proper" "finding that verdict was against the cumulative weight of the evidence").

    Because the district court has the superior vantage point both to resolve the many factual questions related to the "overall 'weight' of the evidence" and to make the ultimate judgment to try the case anew, the proper standard is to "inquire whether the reasons given are manifestly without any legal or factual basis in the record." *United States v. Wolff*, 892 F.2d 75, *9 (4th Cir. 1989) (unpublished). This Court should reject the government's invitation to conduct essentially



Patricia S. Connor, Clerk
February 1, 2023
Page 2

*de novo* review, which would undermine the trial judge's historic new-trial discretion not only for Rafiekian, but for every criminal defendant in this Circuit.

                                            Respectfully,

                                            */s/ James E. Tysse*

                                            James E. Tysse