IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| *Appellant*, | ) ) ) | |
| v. | ) ) | No. 22-4252 |
| BIJAN RAFIEKIAN, | ) ) ) | |
| *Defendant-Appellee*. | ) | |

## UNOPPOSED MOTION BY THE UNITED STATES FOR AN EXTENSION OF TIME TO FILE ANY PETITION FOR REHEARING

The United States respectfully moves under Fed. R. App. P. 26(b) for a 30-day extension in the time to file a petition for panel rehearing and rehearing en banc. *See* Fed. R. App. P. 35(c), 40(a)(1). Such a petition is currently due by June 1, 2023, and with the extension would be due on July 1, 2023. Pursuant to 4th Cir. L.R. 27(a), the government informed defendant's counsel of this motion, and defendant does not object to the extension.

As the Court knows, the determination whether the United States will seek rehearing en banc in any case is committed to the personal determination of the U.S. Solicitor General. *See* 28 C.F.R. § 0.20(b). That determination has not yet been made and requires a careful internal review of the Court's decision, as well as recommendations by several components of the Department of Justice.

1

The panel majority concluded that the district court acted within its discretion to grant a new trial based on the weight of the evidence, even though it did not identify any impeachment, unreliability, issue confusion, or other defects in the government's presentation of evidence that would call the jury's verdict into question. In doing so, it disagreed with the government's arguments relying on the precedent of numerous other circuits that have required such showings. Finally, the Court indicated that its review over that decision is concerned only with "arbitrary or capricious" decisions under Rule 33 and relied on an unpublished 1989 table decision of this Court. Op. at 16-17, 26.

In dissent, Judge Niemeyer concluded that the district court "appeared simply to disagree with the jury despite the existence of strong circumstantial evidence supporting the jury's verdict." Dissent at 32. He noted that it is "a fundamental policy to yield to juries and their roles in assessing and weighing evidence and finding facts." *Id.* Accordingly, a district court only has discretion to overturn a jury's verdict on these grounds when it is "clear that the jury reached *a seriously erroneous result.*" Dissent at 33 (citing *Tibbs v. Florida*, 457 U.S. 31, 38 n.11 (1982)). He concluded that such a showing had not been made given the "more than ample evidence" supporting the jury's verdict. *Id.*

Thus, the issues presented in this case concern important institutional questions related to a district court's authority under Rule 33 and the scope of this Court's

2

review over such decisions. The United States therefore requires adequate time to permit the Solicitor General to review the opinions in this case as well as the recommendations of other components before making a determination whether to seek further review.

Defendant will not be prejudiced by this short extension, as he is not being detained prior to any new trial in this case.

For these reasons, the government respectfully requests a 30-day extension to permit a review by the Solicitor General and a determination whether the government will file any petitions for panel or en banc rehearing.

                                     Respectfully submitted,

                                     Jessica D. Aber
                                     United States Attorney

By:                  /s/                
       Aidan Taft Grano-Mickelsen
       Assistant United States Attorney
       Eastern District of Virginia
       919 East Market Street, Suite 1900
       (804) 819-5400
       aidan.grano-mickelsen@usdoj.gov

## CERTIFICATE OF COMPLIANCE

I certify that I wrote this motion using 14-point Times New Roman typeface and Microsoft Word 2016. I further certify that this motion does not exceed 5,200 words (and is specifically 490 words) as counted by Microsoft Word, excluding the items identified in Federal Rule of Appellate Procedure 27(f).

/s/
Aidan Taft Grano-Mickelsen
Assistant United States Attorney